**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

DISTRICT OF NEW JERSEY

Case number *(if known)* _____    Chapter   **11**

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**04/25**

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| **1.** | **Debtor's name** | **Poolin Technology PTE. LTD** |
| **2.** | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | |

| | | | |
|---|---|---|---|
| **4.** | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | **14 Robinson Road, #08-01A Far East Finance Builidng Singapore 048545** | **2564 US Highway 1, Unit 107 PMB #168841116 Lawrence, NJ 08648** |
| | | Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| | | County | **Location of principal assets, if different from principal place of business** **PNC Bank, New Jersey** |
| | | | Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| **5.** | **Debtor's website** (URL) | |

| | | |
|---|---|---|
| **6.** | **Type of debtor** | ☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ■ Other. Specify:    **Private Limited Company** |

Debtor   **Poolin Technology PTE. LTD**
  Name                                                                     Case number (*if known*)

---

**7.  Describe debtor's business**   A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

_____

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| District | | When | | Case number | |

---

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

■ Yes.

---

Debtor  **Poolin Technology PTE. LTD**                                         Case number (*if known*) _____
         Name

List all cases. If more than 1,          Debtor  **See Attachment**                    Relationship _____
attach a separate list                   District _____   When _____   Case number, if known _____

---

**11. Why is the case filed in this district?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____
        Contact name   _____
        Phone          _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**    .  *Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
■ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

---

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

■ $1,000,001 - $10 million
☐ $10,000,001 - $50  million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

---

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50  million
☐ $50,000,001 - $100 million
■ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

---

Debtor   **Poolin Technology PTE. LTD**                                    Case number (*if known*) _____
         Name

| | |
|---|---|

### Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **July 22, 2026**
              MM / DD / YYYY

*X* **/s/ Michael DuFrayne**                          **Michael DuFrayne**
    Signature of authorized representative of debtor       Printed name

Title   **Chief Restructuring Officer**

**18. Signature of attorney**

*X* **/s/ Stephen M. Packman**                     Date   **July 22, 2026**
    Signature of attorney for debtor                          MM / DD / YYYY

**Stephen M. Packman**
Printed name

**Archer & Greiner, P.C.**
Firm name

**1025 Laurel Oak Road**
**Voorhees, NJ 08043**
Number, Street, City, State & ZIP Code

Contact phone   **212-963-3300**        Email address   **spackman@archerlaw.com**

**018271989 NJ**
Bar number and State

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Stephen M. Packman, Esq.
Douglas G. Leney, Esq.
Natasha M. Songonuga, Esq.
Alexander J. Andrews, Esq.
(*Pro Hac Vice* Admission Pending)
ARCHER & GREINER, P.C.
1025 Laurel Oak Road
Voorhees, NJ 08043
Telephone: (856) 795-2121
Facsimile: (856) 795-0574
Email: spackman@archerlaw.com
        dleney@archerlaw.com
        nsongonuga@archerlaw.com
        aandrews@archerlaw.com

*Proposed Attorneys for Debtors*

| | |
|---|---|
| In re: | Chapter 11 |
| POOLIN TECHNOLOGY PTE. LTD., *et al.*, [1] | Case No. 26-_____ (___) |
| Debtors. | (Joint Administration Requested) |

## SCHEDULE 1: LIST OF PENDING BANKRUPTCY CASES FILED BY THE DEBTORS AND AFFILIATES OF THE DEBTORS

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a voluntary petition in the United States Bankruptcy Court for the District of New Jersey for relief under chapter 11 of title 11 of the United States Code. The Debtors moved for procedural joint administration of these cases under the case number assigned to the chapter 11 case of Poolin Technology Pte. Ltd.

- Poolin Technology Pte. Ltd.
- Lonestar Dream Inc.
- Lonestar Taproot LLC

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Poolin Technology PTE. Ltd., a Singapore Private Limited Company; Lonestar Dream Inc. (5105); and Lonestar Taproot LLC (4118). The location of the Debtors' service address for purposes of these Chapter 11 Cases is: c/o Michael DuFrayne, CRO, 2564 US Highway 1, PMB #16884166, Lawrence, NJ 08648.

232367726 v1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Stephen M. Packman, Esq.
Douglas G. Leney, Esq.
Natasha M. Songonuga, Esq.
Alexander J. Andrews, Esq.
(*Pro Hac Vice* Admission Pending)
ARCHER & GREINER, P.C.
1025 Laurel Oak Road
Voorhees, NJ 08043
Telephone: (856) 795-2121
Facsimile: (856) 795-0574
Email: spackman@archerlaw.com
        dleney@archerlaw.com
        nsongonuga@archerlaw.com
        aandrews@archerlaw.com

*Proposed Attorneys for Debtors*

In re:

POOLIN TECHNOLOGY PTE. LTD., *et al.*,[1]

                    Debtors.

Case No. 26-

Chapter 11

(Joint Administration Requested)

## LIST OF EQUITY HOLDERS

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following is a list of holders of equity interests in the above-captioned debtors:

- 100% of the equity interests in debtor Poolin Technology Pte. Ltd. ("Poolin"), are owned by Zhibiao (Kevin) Pan.

- 100% of the equity interests in debtor Lonestar Dream Inc. ("LSD"), are owned by Zhibiao (Kevin) Pan.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Poolin Technology Pte. Ltd., a Singapore Private Limited Company; Lonestar Dream Inc. (5105); and Lonestar Taproot LLC (4118).  The location of the Debtors' service address for purposes of these Chapter 11 Cases is: c/o Michael DuFrayne, CRO, 2564 US Highway 1, PMB #16884166, Lawrence, NJ 08648.

- 100% of the equity interests in debtor Lonestar Taproot LLC ("LST"), are owned by LSD.

232367698 v2

| Fill in this information to identify the case: |
| --- |
| Debtor name | **Poolin Technology PTE. LTD** |
| United States Bankruptcy Court for the: | **DISTRICT OF NEW JERSEY** |
| Case number (if known): | |

☐ Check if this is an
amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| BIGX GLOBAL PTE LTD. | tian@big.one 8618602665184 | Debt | | | | $4,467,615.70 |
| CHANG QI CHEN | 703774573@qq.com 8618565612929 | Debt | | | | $1,690,636.31 |
| CHEN XIONG XIU | cxx21@vip.qq.com 8613157113019 | Debt | | | | $1,914,115.15 |
| DU YONG | digifarmcc@protonmail.com 13464736376 | Debt | Disputed | | | $4,681,529.70 |
| FU WEN WEN | fuwenwen777@protonmail.com | Debt | | | | $2,263,444.44 |
| HUA RUO PING | firsthrp@gmail.com 8618601700753 | Debt | | | | $18,404,698.60 |
| HUANG JIAN | 22218802@qq.com 8613683032140 | Debt | | | | $1,988,495.72 |
| LI CHENG SEN | 15914072327@139.com 8615914072327 | Debt | | | | $2,108,536.33 |
| LI XIAOLAI | lixiaolai@gmail.com 8613051399822 | Debt | | | | $4,226,595.00 |
| LIANG LIN | 79054@qq.com 8618817727729 | Debt | Disputed | | | $1,666,486.21 |
| LIU LI | llrossella@126.com 8613917931230 | Debt | | | | $2,002,034.71 |
| MA ZHONG CHAO | marcc.ma@outlook.com 18257357357 | Debt | | | | $2,424,798.64 |
| PAN ZHI BIAO | bit.kevin@gmail.com 8618611818631 | Debt | | | | $3,527,228.09 |
| SHENG LEI | shenglei@vip.163.com 8613511005803 | Debt | | | | $1,845,807.85 |

Debtor  **Poolin Technology PTE. LTD**
Name

Case number *(if known)* _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| SU QI | jiaxx1113@gmail.com | Debt | | | | $9,220,382.41 |
| SU XIAO | xiaokirksu@outlook.com 8618091234999 | Debt | | | | $3,774,068.48 |
| SUN SHAO HUA | franks8886@gmail.com 8613801743114 | Debt | | | | $5,055,092.56 |
| LIANG DONG LAI | liangdlcn@gmail.com | Debt | | | | $1,135,296.09 |
| YUAN SONG | allensong1982@outlook.com 15875963138 | Debt | | | | $2,225,969.56 |
| ZHANG HONG XING | rob@snowball.io 8618610022520 | Debt | | | | $4,902,480.89 |
| CHEN JING JUN | 327193882@qq.com 8613733759119 | Debt | | | | $1,657,526.70 |
| WANG YU CHENG | 965851966@qq.com 8615622728470 | Debt | | | | $1,619,384.75 |
| ZHU RUI | thankmu55@gmail.com 8613688002188 | Debt | | | | $1,552,500.32 |
| LIU HAN | 807045389@qq.com 8618235013238 | Debt | | | | $1,504,455.30 |
| GE BING XIAO | nbidea@qq.com 8613777068000 | Debt | | | | $1,472,482.50 |
| LIU BO | liubo870518@yeah.net 8618575623367 | Debt | | | | $1,446,954.09 |
| ZHONG YAN | 8613020128364 | Debt | | | | $1,427,260.19 |
| CHEN HUA YUAN | 344829890@qq.com 8613860188917 | Debt | | | | $1,394,394.29 |
| LAN ZE PENG CHENG | iichiko593@gmail.com 819062930510 | Debt | | | | $1,359,201.88 |
| LIU XIAN XING | Richard.newmos@qq.com 8613906030919 | Debt | | | | $1,143,649.95 |

**Fill in this information to identify the case:**

Debtor name    **Poolin Technology PTE. LTD**

United States Bankruptcy Court for the:   DISTRICT OF NEW JERSEY

Case number (if known) _____

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☑ Other document that requires a declaration   **List of Equity Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **July 22, 2026**     *X* **/s/ Michael DuFrayne**
                                          Signature of individual signing on behalf of debtor

                                          **Michael DuFrayne**
                                          Printed name

                                          **Chief Restructuring Officer**
                                          Position or relationship to debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Stephen M. Packman, Esq.
Douglas G. Leney, Esq.
Natasha M. Songonuga, Esq.
Alexander J. Andrews, Esq.
(*Pro Hac Vice* Admission Pending)
ARCHER & GREINER, P.C.
1025 Laurel Oak Road
Voorhees, NJ 08043
Telephone: (856) 795-2121
Facsimile: (856) 795-0574
Email: spackman@archerlaw.com
       dleney@archerlaw.com
       nsongonuga@archerlaw.com
       aandrews@archerlaw.com

*Proposed Attorneys for Debtors*

In re:

POOLIN TECHNOLOGY PTE. LTD., *et al.*, [1]

Debtors.

Case No. 26-

Chapter 11

(Joint Administration Requested)

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, there are no publicly held corporations that directly or indirectly own 10% or more of any class of the debtors' equity interests.

Dated:  July 22, 2026

/s/ Zhibiao Pan
Zhibiao Pan, Director of
Poolin Technology PTE. Ltd.; Lonestar
Dream Inc.; and, Lonestar Taproot LLC

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Poolin Technology PTE. Ltd., a Singapore Private Limited Company; Lonestar Dream Inc. (5105); and Lonestar Taproot LLC (4118).  The location of the Debtors' service address for purposes of these Chapter 11 Cases is: c/o Michael DuFrayne, CRO, 2564 US Highway 1, PMB #16884166, Lawrence, NJ 08648.

232367716 v1

# OMNIBUS WRITTEN CONSENT OF THE AUTHORIZING BODIES OF EACH OF
## Poolin Technology Pte. Ltd.
## Lonestar Dream Inc.
## Lonestar Taproot, LLC

**July 22, 2026**

The undersigned, being:

(i) the sole shareholder and Directors of Poolin Technology Pte. Ltd. ("**Poolin**"), a private limited company registered under the laws of Singapore;

(ii) the sole shareholder and Director of Lonestar Dream Inc. ("**LSD**") a Delaware corporation; and

(iii) The Director of Lonestar Taproot, LLC, the sole Member of LST ("**LST**" and collectively with Poolin and LDI, the "**Company**" and each, individually is a "**Company**" as the case may require), a Delaware limited liability company,

Each of the foregoing are, respectively, an "**Authorizing Body**" and, collectively, the "**Authorizing Bodies**" and hereby waives any and all requirements of notice of a meeting, and any and all waiting periods, and hereby takes the following actions and adopts the following resolutions by written consent, in lieu of holding a meeting, pursuant to each Company's governing documents and the applicable laws of the jurisdiction in which each Company is organized. Each of the resolutions below is adopted by, and applies to, each Company only to the extent applicable to it and only as authorized by its respective Authorizing Body.

**WHEREAS**, each Authorizing Body has considered presentations by the management of its respective Company (collectively, "**Management**") and its legal, financial, and restructuring advisors (collectively, the "**Advisors**") regarding the assets, the current and long-term liabilities, the historical performance, the liquidity, and the prospects of its respective Company, the strategic alternatives available to its respective Company, and the potential effects of the foregoing on its respective Company's business and stakeholders (collectively, the "**Strategic Alternatives**");

**WHEREAS**, each Authorizing Body has reviewed, considered, and discussed the recommendations of Management and the Advisors, has had adequate opportunity to consult with such persons, to obtain additional information, and fully to consider each of the Strategic Alternatives available to its respective Company, including the relative risks and benefits of pursuing a proceeding under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "**Bankruptcy Code**"), and has determined, in the good-faith exercise of its reasonable business judgment, that the actions and transactions contemplated by these resolutions are desirable and in the best interests of its respective Company, its creditors, its shareholders, its members, its employees, and other parties in interest; and

1

**WHEREAS**, each Authorizing Body has considered (i) the governance matters described below; (ii) the filing of a voluntary petition (each, a "**Bankruptcy Petition**" and, collectively, the "**Bankruptcy Petitions**") for relief for its respective Company under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "**Bankruptcy Court**"); (iii) the retention of professionals by the Companies; and (iv) the commencement of, or participation in, any ancillary or related proceedings that may be necessary or appropriate to effectuate cross-border recognition or relief, including with respect to any Company organized outside the United States.

**NOW, THEREFORE, BE IT RESOLVED**, that, pursuant to the applicable governing documents of the Companies and applicable law, each Authorizing Body does hereby adopt, on behalf of the Company or Companies of which it is the Authorizing Body, the following resolutions, as applicable:

## GOVERNANCE MATTERS

**RESOLVED**, that **Michael DuFrayne of DuFrayne LLC** is hereby authorized to continue to serve as Chief Restructuring Officer of the Companies, effective retroactively as of the date of his retention, with such authority, duties, and responsibilities as are customary for such office and as may be determined by the applicable Authorizing Body, and that his engagement as Chief Restructuring Officer be, and is hereby ratified, confirmed, and approved in all respects;

**RESOLVED**, that each such appointment, and the rate of compensation and terms of engagement in connection therewith, be, and hereby are, authorized, approved, adopted, and ratified in all respects, and each applicable Company be, and hereby is, authorized and directed to pay all fees and expenses incurred in connection therewith.

## CHAPTER 11 FILING

**RESOLVED**, that, in the good-faith exercise of the reasonable business judgment of each Authorizing Body, it is desirable and in the best interests of each respective Company, its creditors, its shareholders, its members, its employees, and other parties in interest, that each Company file or cause to be filed a Bankruptcy Petition under chapter 11 of the Bankruptcy Code in the Bankruptcy Court, together with any other petition for relief or recognition, or any other order, that may be necessary or desirable under applicable law in the United States or in any other jurisdiction including Singapore, and, in accordance with the requirements of each Company's governing documents and applicable law, each Authorizing Body hereby consents to, authorizes, and approves the filing of the Bankruptcy Petitions and the commencement of a case for each Company (each, a "**Chapter 11 Case**" and, collectively, the "**Chapter 11 Cases**");

**RESOLVED**, that any director, manager, member, officer, or other duly authorized person of any Company, and any person or persons designated, delegated, or appointed by any of them (collectively, the "**Authorized Persons**"), which shall include, without limitation, the President, Chief Executive Officer, Chief Operating Officer, Chief Financial Officer and Chief Restructuring Officer, shall be, and each of them acting alone hereby is, authorized, empowered, and directed, in the name of and on behalf of the applicable Company, to execute, verify, and file or cause to be filed the Bankruptcy Petitions and all ancillary documents, to act as signatory and attorney-in-fact for the applicable Company

2

in respect of the Bankruptcy Petitions and the Chapter 11 Cases, to take all actions deemed necessary or appropriate to protect and preserve the assets of the applicable Company and to obtain protection from its creditors, and to execute and file all petitions, schedules, statements, lists, motions, applications, pleadings, affidavits, declarations, and other papers or documents, and to take any and all actions that they deem necessary, appropriate, proper, or desirable to obtain such relief, including, without limitation, any action necessary or proper to pursue, negotiate, and consummate a sale transaction or transactions involving the assets of the applicable Company and its subsidiaries and to protect, preserve, and maintain the value of such assets pending the consummation thereof;

**RESOLVED**, that each of the Authorized Persons be, and each of them acting alone hereby is, authorized, empowered, and directed, in the name of and on behalf of the applicable Company, to perform the obligations of the applicable Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Person performing or executing the same shall approve, the performance or execution thereof to be conclusive evidence of the approval thereof by such Authorized Person and by the applicable Authorizing Body; and

**RESOLVED**, that the Authorized Persons be, and each of them hereby is, authorized and empowered to bind each applicable Company for the purposes of, and to give effect to, the foregoing resolutions.

### FOREIGN REPRESENTATIVE AND CROSS-BORDER RECOGNITION

**RESOLVED**, that Poolin be, and hereby is, authorized to seek recognition of, or ancillary relief in aid of, its Chapter 11 Case, and to commence or participate in any proceeding, in any jurisdiction outside the United States (including, without limitation, Singapore) as may be necessary, appropriate, or desirable in connection with the Chapter 11 Cases or the protection of the applicable Company's assets;

**RESOLVED**, that each of Poolin's Authorized Persons be, and each of them acting alone hereby is, authorized, empowered, and directed to act as, or to designate one or more persons to act as, the "foreign representative" (or equivalent) of the applicable Company within the meaning of the Bankruptcy Code and any applicable cross-border insolvency law, and, in such capacity, to execute, verify, and file any petitions, applications, motions, or other documents, and to take any and all actions, necessary or appropriate to obtain recognition of the Chapter 11 Cases or other ancillary relief in any such jurisdiction; and

**RESOLVED**, that the taking of any such action by any Authorized Person shall be conclusive evidence of the approval thereof by the applicable Authorizing Body.

### RETENTION OF PROFESSIONALS

**RESOLVED**, that each of the Authorized Persons be, and each of them acting alone hereby is, authorized, empowered, and directed to employ and retain, on behalf of each applicable Company, and subject to Bankruptcy Court approval where required:

- Archer & Greiner, P.C. as general bankruptcy counsel
- DuFrayne LLC as Chief Restructuring Officer
- DuFrayne LLC as investment banker

- Oon & Bazul LLC as Singapore insolvency counsel
- McCarn, Weir, & Sherwood P.C. as oil, mineral, gas, and real estate counsel
- Kurtzman Carson Consultants, LLC dba Verita Global as claims and noticing agent
- Kurtzman Carson Consultants, LLC dba Verita Global as administrative advisor
- any other legal counsel, accountants, financial advisors, investment bankers, restructuring advisors, or other professionals that the Authorized Persons deem necessary, appropriate, or advisable;

each to represent and assist the Companies in carrying out their duties and responsibilities and exercising their rights under the Bankruptcy Code and applicable law; and in connection therewith, the Authorized Persons be, and each of them acting alone hereby is, authorized, empowered, and directed to execute appropriate retention and engagement agreements, to pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed appropriate applications for authority to retain such professionals;

**RESOLVED**, that each of the Authorized Persons be, and each of them acting alone hereby is, authorized, empowered, and directed to engage and retain all further assistance by legal counsel, accountants, investment bankers, financial advisors, and other professionals, including any professionals to be retained in the ordinary course of business, as the Authorized Persons in their reasonable discretion deem necessary, appropriate, or advisable to represent and assist the Companies in the Chapter 11 Cases, with a view to the successful prosecution thereof; and

**RESOLVED**, that each of the Authorized Persons be, and each of them acting alone hereby is, authorized, empowered, and directed, on behalf of and in the name of each applicable Company, to pay all fees, retainers, expenses, consent payments, indemnities, taxes, and filing fees as such Authorized Person shall deem necessary, appropriate, or desirable in order to carry out the intent and purposes of the foregoing resolutions and the Chapter 11 Cases.

## FIRST-DAY RELIEF

**RESOLVED**, that each of the Authorized Persons be, and each of them acting alone hereby is, authorized, empowered, and directed, in the name of and on behalf of the applicable Company, to negotiate, prepare, execute, verify, and file such motions, applications, and other pleadings as are customary or advisable at the outset of the Chapter 11 Cases, including, without limitation, motions relating to employee wages and benefits, taxes, utilities, insurance, critical or foreign vendors, customer programs, joint administration, and the continued operation of the Companies' existing cash management systems and bank accounts, and to seek such relief thereunder as such Authorized Person deems necessary, appropriate, or desirable.

## INSURANCE

**RESOLVED**, that each of the Authorized Persons be, and each of them acting alone hereby is, authorized, empowered, and directed, in the name of and on behalf of the applicable Company, to maintain, renew, supplement, or obtain such insurance policies and programs, including directors' and officers' liability insurance and tail coverage, general liability insurance, and any other insurance coverage, as such Authorized Person

4

shall deem necessary, appropriate, or desirable to protect the Companies and their assets, and to pay all premiums and related costs in connection therewith.

### BANK ACCOUNTS AND CASH MANAGEMENT

**RESOLVED**, that each of the Authorized Persons be, and each of them acting alone hereby is, authorized, empowered, and directed, in the name of and on behalf of the applicable Company, to open, close, and maintain bank accounts and investment accounts at such financial institutions as such Authorized Person shall determine, and to continue to operate the applicable Company's existing cash management system, including intercompany transactions, substantially in the ordinary course of business, subject to any modifications required by the Bankruptcy Code, the applicable guidelines of the Office of the United States Trustee, or any order of the Bankruptcy Court.

### TAX MATTERS

**RESOLVED**, that each of the Authorized Persons be, and each of them acting alone hereby is, authorized, empowered, and directed, in the name of and on behalf of the applicable Company, to prepare, execute, and file all tax returns, reports, and other documents required to be filed with any governmental authority, to make or revoke any tax elections, to settle, compromise, or contest any tax claims or assessments, to retain tax advisors and consultants, and to take any and all other actions that such Authorized Person deems necessary, appropriate, or desirable in connection with the tax affairs of the applicable Company, including actions relating to tax obligations arising in connection with the Chapter 11 Cases.

### EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**RESOLVED**, that each of the Authorized Persons be, and each of them acting alone hereby is, authorized, empowered, and directed, in the name of and on behalf of the applicable Company, to assume, assume and assign, or reject any and all executory contracts and unexpired leases to which the applicable Company is a party, pursuant to section 365 of the Bankruptcy Code, and to negotiate, execute, and deliver any documents, and to take any and all actions, necessary or appropriate in connection therewith, including the payment of any cure amounts, and to seek Bankruptcy Court approval thereof.

### SALE OF ASSETS

**RESOLVED**, that, in the good-faith exercise of the reasonable business judgment of each Authorizing Body of LSD and LST, it is desirable and in the best interests of each respective Company, its creditors, and other parties in interest that each of the aforesaid Company be, and hereby is, authorized to pursue a sale or sales of all or substantially all, or any portion, of its assets (a "**Sale**"), including pursuant to section 363 of the Bankruptcy Code, and to seek approval of bidding procedures in connection therewith; and

**RESOLVED**, that each of the Authorized Persons be, and each of them acting alone hereby is, authorized, empowered, and directed, in the name of and on behalf of the applicable Company, to negotiate, execute, deliver, and perform any asset purchase agreement (including with any stalking horse purchaser) and any related agreements, motions, and documents, and to take any and all actions, that such Authorized Person deems necessary, appropriate, or desirable to consummate a Sale, with such changes,

5

additions, and modifications thereto as such Authorized Person shall approve, such approval to be conclusively evidenced by the execution and delivery thereof.

## CLAIMS ADMINISTRATION AND OBJECTIONS

**RESOLVED**, that each of the Authorized Persons be, and each of them acting alone hereby is, authorized, empowered, and directed, in the name of and on behalf of the applicable Company, to review, analyze, object to, settle, compromise, or otherwise resolve any and all claims, interests, and causes of action filed or asserted against the applicable Company in the Chapter 11 Cases, and to file or cause to be filed any objections, motions, or other pleadings in connection therewith, and to take any and all actions necessary or appropriate in connection with the claims reconciliation and resolution process.

## REPORTING AND COMPLIANCE

**RESOLVED**, that each of the Authorized Persons be, and each of them acting alone hereby is, authorized, empowered, and directed, in the name of and on behalf of the applicable Company, to prepare and file, or cause to be prepared and filed, all reports, schedules, statements of financial affairs, monthly operating reports, and other documents required to be filed under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the applicable guidelines of the Office of the United States Trustee, any applicable local rules of the Bankruptcy Court, and any orders of the Bankruptcy Court, and to take all actions necessary or appropriate to ensure the applicable Company's compliance with all reporting and operational requirements applicable to debtors in possession.

## CHAPTER 11 PLAN AND DISCLOSURE STATEMENT

**RESOLVED**, that, in the good-faith exercise of the reasonable business judgment of each Authorizing Body, it is desirable and in the best interests of each respective Company, its creditors, and other stakeholders that the Authorized Persons file or cause to be filed a chapter 11 plan (the "**Plan**"), a related disclosure statement (the "**Disclosure Statement**"), and all other papers or documents related thereto, and to take any and all actions that each Authorizing Body deems necessary or appropriate to pursue confirmation and consummation of the Plan; and

**RESOLVED**, that each of the Authorized Persons be, and each of them acting alone hereby is, authorized, empowered, and directed, together with the Advisors, to negotiate, execute, deliver, and file the Plan, the Disclosure Statement, and all other documents that such Authorized Person, in his or her discretion, may deem necessary or advisable to confirm and consummate the Plan.

## LITIGATION AND AVOIDANCE ACTIONS

**RESOLVED**, that each of the Authorized Persons be, and each of them acting alone hereby is, authorized, empowered, and directed, in the name of and on behalf of the applicable Company, to commence, prosecute, defend, settle, compromise, or otherwise resolve any and all litigation, adversary proceedings, contested matters, and causes of action, including avoidance actions under chapter 5 of the Bankruptcy Code, as such Authorized Person deems necessary, appropriate, or desirable in connection with the Chapter 11 Cases and the protection of the applicable Company's estate, and to retain special litigation counsel in connection therewith.

## **FURTHER ACTIONS**

**RESOLVED**, that each Company is hereby authorized to authorize (and each Company hereby authorizes) any direct or indirect subsidiary of such Company, or any entity of which such Company or any subsidiary of such Company is the sole member, general partner, managing member, sole shareholder, or equivalent manager, as applicable, to take each of the actions described in, or authorized by, these resolutions;

**RESOLVED**, that each of the Authorized Persons be, and each of them acting alone hereby is, authorized, empowered, and directed, in the name of and on behalf of the applicable Company, to cause the applicable Company to enter into, execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, and other documents, to pay all expenses (including filing fees), and to take such other actions, as in the judgment of such Authorized Person shall be necessary, proper, or desirable to prosecute to a successful completion the Chapter 11 Cases and to effectuate the restructuring or liquidation of the Companies' debt, other obligations, organizational form, structure, and ownership, all consistent with and in furtherance of the foregoing resolutions;

**RESOLVED**, that, in addition to and without limiting the specific authorizations conferred upon the Authorized Persons herein, the Authorized Persons, either individually or as otherwise required by the applicable Company's governing documents and applicable law, be, and each of them hereby is, authorized, empowered, and directed to execute, acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfers, deeds, and other documents on behalf of each applicable Company relating to the matters contemplated by the foregoing resolutions and the Chapter 11 Cases, and to delegate to any other person any of the authority conferred upon such Authorized Person herein;

**RESOLVED**, that each of the Authorized Persons (and their designees and delegates) be, and each of them acting alone hereby is, authorized, empowered, and directed, in the name of and on behalf of the applicable Company, to take or cause to be taken any and all such other and further actions, to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents, and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Person's absolute discretion shall be necessary, appropriate, or desirable in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein;

**RESOLVED**, that each Authorizing Body has received sufficient notice of the actions and transactions contemplated by the foregoing resolutions, as may be required by the governing documents of each Company, or hereby waives any right to have received such notice;

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions taken in the name of or on behalf of any Company prior to the adoption of these resolutions, which acts would have been approved by the foregoing resolutions, are hereby in all respects approved, confirmed, and ratified as the true acts and deeds of each such Company with the same force and effect as if each such act had been specifically authorized in advance by resolution of the applicable Authorizing Body; and

**RESOLVED**, that any Authorized Person be, and each of them acting alone hereby is, authorized to do all such other acts, deeds, and things as each applicable Company itself may lawfully do, in accordance with its governing documents and applicable law, in connection with the matters contemplated by, or in furtherance of the intentions expressed in, the foregoing resolutions, such approval or determination to be conclusively evidenced by the taking of such action or the execution thereof.

---

**IN WITNESS WHEREOF**, the undersigned have executed this Omnibus Written Consent effective as of the date first written above. This Omnibus Written Consent may be executed in one or more counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument. An electronic or facsimile copy of a signature hereto shall be deemed an original signature. A copy of this Omnibus Written Consent shall be filed with the minutes of the proceedings of each Authorizing Body.

*[Space intentionally left blank – signature pages to follow]*

## POOLIN TECHNOLOGY PTE. LTD.

**DIRECTORS:**

By: _____

Name: Zhibiao Pan

Title: Director


By: _____

Name: Kathy Zhang

Title: Director


By: _____

Name: Benjamin Thong

Title: Director



**SOLE SHAREHOLDER:**

By: _____

Name: Zhibiao Pan

9

## LONESTAR DREAM INC.

**SOLE DIRECTOR:**

By: _____

Name: Zhibiao Pan

Title: Director

**SOLE SHAREHOLDER:**

By: _____

Name: Zhibiao Pan

## LONESTAR TAPROOT, LLC

By: Lonestar Dream Inc., Sole Member

By: _____

Name: Zhibiao Pan

Title: Sole Director of Lonestar Dream Inc.

232470857 v1

10