| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Bradford J. Sandler (N.J. Bar No. 009521996)<br>Robert J. Feinstein (admitted *pro hac vice*)<br>Shirley S. Cho (admitted *pro hac vice*)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>1700 Broadway, 36th Floor<br>New York, NY 10019<br>Telephone: (212) 561-7700<br>Facsimile: (212) 561-7777<br>bsandler@pszjlaw.com<br>rfeinstein@pszjlaw.com<br>scho@pszjlaw.com<br><br>*Counsel for the Official Committee of Unsecured Creditors* | **Order Filed on September 22, 2026<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In re:<br><br>POOLIN TECHNOLOGY PTE. LTD, *et al.*,<br><br>Debtors.[1] | Case No. 26-18325 (EJO)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>Judge: Eamonn J. O'Hagan |

**ORDER AUTHORIZING AND APPROVING THE RETENTION OF M3 ADVISORY PARTNERS, LP AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF AUGUST 17, 2026**

The relief set forth on the following pages, numbered two (2) through and including eight (8), is hereby **ORDERED**.

**DATED: September 22, 2026**

Honorable Eamonn J. O'Hagan
United States Bankruptcy Judge

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Poolin Technology Pte. LTD, a Singapore Private Limited Company; Lonestar Dream Inc. (5105); and Lonestar Taproot LLC (4118). The location of the Debtors' service address for purposes of these Chapter 11 Cases is: c/o Michael DuFrayne, CRO, 2564 US Highway 1, PMB #16884166, Lawrence, NJ 08648.

---

Upon consideration of the *Application of the Official Committee of Unsecured Creditors for Order, Pursuant to 11 U.S.C §§ 328 and 1103, Fed. R. Bankr. P. 2014, and Local Rule 2014-1, Authorizing and Approving the Employment and Retention of M3 Advisory Partners, LP as Financial Advisor to the Official Committee of Unsecured Creditors Effective as of August 17, 2026* (the "Application");[2] and upon consideration of the Declarations of Kenneth Ehrler, Max Galka, and the Committee Chair filed in support of the Application (the "Declarations"); and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the Court having the power to enter a final order consistent with Article III of the United States Constitution; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court being satisfied, based on the representations made in the Application and the Declarations, that M3 Partners (a) does not represent or hold any interest adverse to the Committee in connection with these chapter 11 cases, (b) is a "disinterested person" as such term is defined in Section 101(14) of the Bankruptcy Code, and (c) does not represent any entity having an adverse interest in connection with these chapter 11 cases as required by Section 1103 of the Bankruptcy Code; and this Court having determined that the legal and factual bases set forth in the Application and the Declarations establish good cause for the relief granted herein; and after due deliberation and good and sufficient cause appearing therefor; and it appearing to the Court that the Application should be approved,

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

---

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. The Committee is hereby authorized to retain and employ M3 as financial advisor to the Committee pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, effective as of August 17, 2026, on the terms and conditions set forth in the Application and the Declarations, as modified by the terms of this Order.

3. M3 shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Cases in compliance with the applicable provisions of the Bankruptcy Code, including section 330(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, the Local Rules, and any order establishing procedures for professionals' interim compensation and reimbursement of expenses. For billing purposes, M3 shall keep its time in one tenth (1/10) hour increments in accordance with Local Rule 2016-1.

4. Prior to applying any increases in its hourly rates beyond the rates set forth in the Application, M3 shall provide ten (10) business days' prior notice of any such increases to the Debtors, the U.S. Trustee, and the Committee, and shall file such notice with the Court. All parties in interest retain all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

5. In the event that, during the pendency of these chapter 11 cases, M3 seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be billed in one-tenth hour increments and shall be included in M3's fee

---

applications and such invoices and time records shall be in compliance with the Local Rules, the U.S. Trustee Guidelines, and shall be subject to the approval of the Court under the standards of Bankruptcy Code sections 330 and 331, without regard to whether such attorney has been retained under Bankruptcy Code section 327 and without regard to whether such attorney's services satisfy section 330(a)(3)(C) of the Bankruptcy Code. Notwithstanding the foregoing, M3 shall only be reimbursed for any legal fees incurred in connection with these chapter 11 cases to the extent permitted under applicable law. All rights are reserved to permit objection to any request for reimbursement of expenses, including but not limited to any request for the reimbursement of legal fees of M3's independent counsel.

6. M3 shall review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, M3 shall identify such further developments and shall promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

7. Notwithstanding anything to the contrary in the Application or the Declarations, M3 (i) shall only bill 50% for non-working travel; (ii) shall not seek the reimbursement of any fees or costs, arising from the defense of any objections to any of M3's fee applications in these cases; (iii) shall use the billing and expense categories set forth in the US Trustee Guidelines (Exhibit D-1 "Summary of Compensation Requested by Project Category"); and (iv) provide any and all monthly fee statements, interim fee applications, and final fee applications in "LEDES" format to the U.S. Trustee.

---

8. M3 is authorized to render professional services to the Committee as described in the Application. M3 shall make reasonable efforts to avoid unnecessary duplication of services provided by any of the Committee's other retained professionals in these Cases.

9. Notwithstanding anything in the Application to the contrary, to the extent that M3 uses the services of independent contractors or subcontractors (collectively, the "Contractors") in these cases, M3 shall: (i) pass through the cost of such Contractors to the estate at the same rate that M3 pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for M3; (iv) file with this Court such disclosures required by Bankruptcy Rule 2014; and (v) attach any such Contractor invoices to any fee application filed in these chapter 11 cases by M3. In connection with the Debtors' Chapter 11 Cases, M3 has entered into a professional services agreement with Mosaic Dataworks LLC, the entity through which Mr. Galka provides services to M3, for his services and Mr. Galka will serve as an independent contractor in this matter. Instead of providing Contractor invoices as required under (v) above, M3 shall include the fees and descriptions of services of Mosaic Dataworks LLC and Mr. Galka in any of its fee applications filed in these chapter 11 cases.

10. To the extent M3 uses the services of any subsidiary not covered by the disclosures in the Declarations during the pendency of these chapter 11 cases, M3 shall, prior to the subsidiary providing services, cause the applicable subsidiary to file a declaration of disinterestedness with applicable disclosures of connections, if any, and include whether such M3 subsidiary has any interest adverse to the interests of the Debtors' estates, or any class of creditors or equity security holders and whether such M3 subsidiary is a "disinterested person" as that term is defined in

section 101(14) of the Bankruptcy Code (the "Subsidiary Declaration"). Any party in interest reserves the right to object to any Subsidiary Declaration.

11. The Committee and M3 are authorized and empowered to take all necessary actions to implement the relief granted in this Order. To the extent the Committee wishes to expand the scope of M3's services beyond those services set forth in this Order, the Committee shall file notice of any proposed additional services (the "Proposed Additional Services") and any underlying engagement agreement with the Court and serve such notice on the U.S. Trustee, the Debtors, and any party requesting notice under Bankruptcy Rule 2002. If no such party files an objection within 14 calendar days of the Committee's filing of such notice, the Proposed Additional Services and any underlying engagement agreement may be approved by the Court by further order without further notice or hearing. All additional services shall be subject to the provisions of this Order.

12. Notwithstanding anything to the contrary in the Application and the Declarations, the Debtors are authorized to indemnify and hold harmless M3 for any claims arising from, related to or in connection with the services to be provided by M3, subject to the following conditions:

a. M3 shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Application unless the indemnification, contribution, or reimbursement is approved by the Court;

b. The Debtors shall have no obligation to indemnify M3, or provide contribution or reimbursement to M3, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from M3's actual fraud, breach of fiduciary duty, if any, gross negligence, willful misconduct, self-dealing, or bad faith; (ii) for a contractual dispute in which the Committee or the Debtors allege the breach of M3's contractual obligations unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003);

---

or (iii) settled prior to a judicial determination as to the exclusions set forth in clause (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which M3 should not receive indemnity, contribution or reimbursement as modified by this Order;

c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these cases, M3 believes that it is entitled to the payment of any amounts by the Debtors on account of indemnification, contribution, and/or reimbursement obligations, including without limitation the advancement of defense costs, M3 must therefore file an application in this Court, and the Debtors may not pay any such amounts to M3 before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by M3 for indemnification, contribution, or reimbursement, and not to limit the duration of the Debtors' obligation to indemnify M3. All parties in interest shall retain the right to object to any application by M3 for indemnification, contribution, or reimbursement; and

d. Any limitation of liability set forth in the Application, the Declarations, the indemnification provisions, if any, or otherwise, is hereby eliminated for the duration of these chapter 11 cases.

13. Notwithstanding anything in the Application or the Declarations to the contrary, M3 shall seek reimbursement from the Debtors' estates for its engagement related expenses at M3's actual cost paid.

14. None of the fees payable to M3 shall constitute a "bonus" or fee enhancement under applicable law, except where authorized by this Order.

15. To the extent this Order conflicts with the Application, including any of the Declarations files with the Application, the terms of this Order shall control.

16. The Committee and M3 are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

17. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

18. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.